## S. R. ELLSWORTH, Respondent, v. C. W. O. MIDDLETON, Appellant.

### No. 4035; September 5, 1864.

Appeal—Objections to Testimony not Made Below.—Objections to evidence as not being admissible under the allegations of the complaint cannot be raised for the first time on appeal.

Appeal—Rulings on Evidence—Presumption of Correctness.— The presumption is that the trial court ruled correctly on evidence when the evidence itself is not before the court appealed to.

APPEAL from Butte County.

Claim and delivery.

Lott & Lewis for respondent; H. K. Mitchell and F. L. Hatch for appellant.

SAWYER, J.—The plaintiff served on defendant the affidavit, notice and demand in all respects as prescribed in the one hundred and ninth section of the Practice Act, and was therefore in a position to maintain this action. It is insisted that the plaintiff cannot recover because the complaint does not allege the demand, and the plaintiff was not entitled to prove it under the pleadings. But the evidence was introduced without objection, and fully supports the finding on the question of demand. If the allegations of the complaint were not sufficient to authorize the introduction of the evidence on this point, defendant should have objected to its admission on the trial. It is too late to raise the question for the first time in this court. The complaint alleges the wrongful taking and is sufficient on its face. The defendant in his answer justifies by alleging title in Mitchell, and that he took the property as sheriff in an action pending between Mitchell and Morris and Dibble, and the replication avers the serving of the affidavit and demand under the one hundred and ninth section, thus presenting the issue. The testimony was introduced without objection, and the court found for the plaintiff. The action was tried on the theory that the demand was properly in issue, but whether correctly or not, the defendant will not be permitted to make the objection for the first time in this court.

Mayben does not appear to have been interested in the result of the suit at the time he was examined as a witness. He was therefore not incompetent on that ground.

Appellants allege error in excluding the record of the proceedings in insolvency in the case of Evans v. His Creditors. One of the grounds upon which the record was excluded was the illegality and invalidity of those proceedings. Those proceedings are not in the record, and we have no means of determining whether they were valid or not. The presumption is that the ruling of the judge in this respect was correct,

and we cannot disturb the judgment for this reason. It is pretty evident, however, that they were inadmissible on other grounds also.

These are the only points discussed in the appellant's brief, although a number of minor errors are specified in a paper called an assignment of errors on file, which do not require notice.

Judgment affirmed.

We concur: Rhodes, J.; Sanderson, C. J.; Currey, J.; Shafter, J.